**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10096 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00001-2 |
| v. | |
| MOHAMMED RAFIQUL ISLAM, aka Md. Rafiqul Islam, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
John C. Coughenour, District Judge, Presiding

Argued and Submitted October 24, 2019
Honolulu, Hawaii

Before: GRABER, M. SMITH, and WATFORD, Circuit Judges.

Defendant Mohammed Rafiqul Islam timely appeals his convictions for one

count of mail fraud, in violation of 18 U.S.C. § 1341, and three counts of fraud in

foreign labor contracting, in violation of 18 U.S.C. § 1351(a). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.  "We review de novo allegations of due process violations." <u>United States v. Chang Da Liu</u>, 538 F.3d 1078, 1087 (9th Cir. 2008).

The government's duty to investigate whether government witnesses had committed perjury was not triggered until mid-trial. The recorded call and Abbu Bakkar Beg's and Belayet Hossain's mortgage and loan documents were not sufficient to put the government "on notice of the real possibility of false testimony" so as to trigger a duty to investigate before trial began. <u>Northern Mariana Islands v. Bowie</u>, 243 F.3d 1109, 1118 (9th Cir. 2001).

The government took adequate steps to correct the initial testimony of Mohammed Tazizul Islam ("Tazizul"). After Beg testified, identifying one of the speakers on the recorded phone call as Tazizul, the government was on notice that Tazizul had likely committed perjury. The government satisfied its duty to investigate, <u>Morris v. Ylst</u>, 447 F.3d 735, 744 (9th Cir. 2006), by interviewing Tazizul, who admitted to lying. It then satisfied its duty to correct the false testimony by providing an official report of the investigation to defense counsel; and, in a bench conference with the judge, agreeing with defense counsel on how to inform the jury and correct the record. <u>See</u> <u>United States v. LaPage</u>, 231 F.3d 488, 492 (9th Cir. 2000) (noting that an appropriate course of action for prosecutors to take when they realize that a witness has lied is to "interrupt their

2

own questioning, and work out in a bench conference with the judge and defense counsel how to inform the jury immediately that the testimony is false").

Any due process violation stemming from a duty that arose during trial to investigate potential perjury by the other witnesses fails for lack of prejudice, which is a required element to succeed on a due process claim. Morris, 447 F.3d at 745. The trial resulted "in a verdict worthy of confidence." Id. (quoting Hall v. Dir. of Corr, 343 F.3d 976, 984 (9th Cir. 2003) (per curiam)). The corroborating documentary evidence provided compelling evidence of guilt. And a defense argument that all the witnesses were lying about their knowledge of T-visas was supported on the existing record.

2. The district court did not abuse its discretion by denying a new trial because of prosecutorial misconduct. See United States v. King, 660 F.3d 1071, 1076 (9th Cir. 2011) (holding that we review for abuse of discretion a district court's denial of a motion for new trial); United States v. Steele, 298 F.3d 906, 910 (9th Cir. 2002) (holding that we review for abuse of discretion a district court's ruling on objections to alleged prosecutorial misconduct). The lead prosecutor acted improperly in attempting to inject matters outside the record. The district court repeatedly intervened to stop his excesses during closing argument. Despite

the sustained objections and admonitions from the court, the prosecutor continued to make improper statements.

But the district court took appropriate steps to remedy the prosecutor's improper statements.  Because the misconduct did not go to central issues at trial, the district court's remedies were sufficient, and any errors were harmless beyond a reasonable doubt.  See United States v. Nobari, 574 F.3d 1065, 1073, 1076 (9th Cir. 2009) (stating standard).

3.  The district court did not commit reversible error in any of its evidentiary rulings.  See United States v. Alvirez, 831 F.3d 1115, 1120 (9th Cir. 2016) (holding that we review for abuse of discretion a district court's decision to admit or exclude evidence).  The district court's evidentiary rulings regarding the National Bank Limited records, a check allegedly signed by Defendant, a deposit slip from Akter's bank account, and Defendent's work certifications all fell within the district court's discretion.  The district court erred by admitting the set of untranslated Bengali loan and bank records, but that error was harmless.  Assuming, without deciding, that it was error for the district court to admit Beg's and Hossain's mortgage and loan documents, the error was harmless.

4.  The district court did not violate the Confrontation Clause by limiting defense counsel's cross-examination of government witnesses regarding their

4

conversations with their attorney. <u>See</u> United States v. Larson, 495 F.3d 1094, 1101 (9th Cir. 2007) (en banc) (holding that we review de novo allegations that a district court violated the Confrontation Clause by excluding an area of inquiry on cross-examination). Defendant has not met his burden to show that the jury "might have received a significantly different impression of [a witness'] credibility" had the district court allowed additional questioning. <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 680 (1986).

5. Even considered cumulatively, the errors we have identified are not likely to have "materially affect[ed] the verdict" and, thus, are not sufficient to warrant reversal. <u>United States v. Fernandez</u>, 388 F.3d 1199, 1257 (9th Cir. 2004).

**AFFIRMED**.